IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § Case No. 4:23-CR-63 |
| | § |
| MARK EXPOSITO (1) | § |

### NON-PARTY LANE GORMAN TRUBITT, LLC'S MOTION TO QUASH AND OBJECTION TO MARK EXPOSITO'S SUBPOENA FOR CONFIDENTIAL CLIENT INFORMATION IN POSSESSION OF LANE GORMAN TRUBITT, LLC

Pursuant to Federal Rule of Criminal Procedure 17, Lane Gorman Trubitt, LLC ("LGT") hereby objects and moves the Court to quash the subpoena requested in Mark Exposito's Unopposed Motion for Pre-Trial Subpoena Duces Tecum [Doc. # 60] filed on May 15, 2025. The Court issued an Order [Doc. #64] granting the Motion on June 10, 2025. Mark Exposito, through counsel, sent the Order, Pre-Trial Subpoena Duces Tecum, and Exhibit A of the Pre-Trial Subpoena Duces Tecum to LGT on June 18, 2025. A copy of the subpoena duces tecum is attached as Exhibit A.

### I.   FACTS

LGT is a full-service accounting firm based in Dallas, Texas. Non-Parties and alleged victims Bradley Fenton, Fenton Motor Group, and Fenton Motor Group Subsidiary Companies, including but not limited to Brad Fenton Motors of Ardmore and Fenton Nissan of Tiffany Springs (collectively, "Fenton Motor Group"), are clients of LGT. LGT prepared tax returns for all Bradley Fenton and Fenton Motor Group.

On June 18, 2025, LGT was served with a copy of the Order, Pre-Trial Subpoena Duces Tecum, and Exhibit A of the Pre-Trial Subpoena Duces Tecum, which requested financial records, tax records, communications, and engagement agreements for Bradley Fenton and Fenton Motor

1

Group.  *See* <u>Ex. A</u>.  Because federal and state law prohibit LGT from producing or disclosing such information without court approval or client consent, LGT files this motion to quash and objection to seek guidance from the Court as to whether this information can be disclosed.

## II.     ARGUMENT AND AUTHORITIES

Federal law prohibits tax preparers from providing anyone other than the taxpayer or the taxpayer's agent with tax returns, tax return-related documents, or information that is either contained in those returns or provided to them for the purpose of preparing them, absent a court order or written consent of the taxpayer.  26 U.S.C. §§ 6103, 6713, 7216; 26 C.F.R. § 301.7216-2.  These code sections carry criminal penalties for violating this prohibition.  *Id.*  A subpoena or letter of request is insufficient to require disclosure of this privileged information.  *Id.*[1]  However, a tax preparer may disclose such information with client consent or a court order.  26 C.F.R. § 301.7216-2(f).  LGT's responsive documents contain tax return information related to Bradley Fenton and Fenton Motor Group.

Additionally, the Texas rules governing certified public accounts generally prohibit CPAs or their employees from "voluntarily disclos[ing] information communicated to [them] by the client relating to, and in connection with, professional accounting services or professional accounting work" without client consent or a court order.  TEX. OCC. CODE ANN. § 901.457; 22

---

[1] The American Bar Association Section on Taxation has cautioned against construing Regulation 301.7216(g) as allowing a tax preparer to disclose its client's information pursuant to a subpoena issued in civil litigation between the return preparer's client and an individual or other entity. American Bar Association Section of Taxation, Comments Concerning Proposed Regulations Under § 7216 (December 11, 2006), https://www.americanbar.org/content/dam/aba/administrative/taxation/migrated/pubpolicy/2006/1211067216privacytechnicalcomments.pdf (last visited February 11, 2025).  The drafters of the regulations were careful to specify what types of subpoenas that a tax preparer could produce documents pursuant to, and a civil subpoena issued by an attorney was not one of those types of subpoenas.  26 C.F.R. § 301.7216-2(f).

Tex. Admin. Code Ann. 501.75. Specifically, LGT is not permitted to disclose information that was communicated to them pursuant to a court order unless the court order meets the following requirements: (1) addressed to the license holder, (2) mentions the client by name, and (3) requests specific information concerning the client. Tex. Occ. Code Ann. § 901.457(b)(3); 22 Tex. Admin. Code Ann. 501.75(b)(4).

LGT does not have consent from Bradley Fenton or Fenton Motor Group to disclose the requested financial or tax-related information. Therefore, LGT is required to file this motion to quash and an objection to seek Court approval before producing this information.

## PRAYER

Because Lane Gorman Trubitt, LLC does not have its clients' consent to produce documents or disclose confidential information, it is necessary to submit this issue to the Court for determination. Accordingly, LGT requests that the Court issue a ruling on whether LGT may produce the requested documents.

Respectfully submitted this the 2nd day of July, 2025.

                                             */s/ C. Reed Loftis*
J. Heath Coffman
State Bar No. 24059591
C. Reed Loftis
State Bar No. 24109482

BRACKETT & ELLIS, P.C.
100 Main Street
Fort Worth, TX. 76102-3090
(817) 338-1700
Facsimile (817) 870-2265
Email: hcoffman@belaw.com
Email: rloftis@belaw.com

*Counsel for Non-Party Lane Gorman Trubitt, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of July 2025, a copy of the foregoing Motion was served via the Court's electronic case filing systems (CM/ECF) to all parties registered to receive such notice in the above-captioned matter:

Thomas E. Gibson
Assistant United States Attorney
101 East Park Blvd., Ste. 500
Plano, Texas 75075
*Attorney for the United States*

Scott H. Palmer
PALMER PERLSTEIN
15455 Dallas Pkwy, Ste. 540
Dallas, Texas 75001
*Attorney for Defendant*

/s/ *C. Reed Loftis*
C. Reed Loftis

## CERTIFICATE OF CONFERENCE

On June 25, 2025, counsel for LGT Heath Coffman conferred with Scott Palmer, counsel for Defendant Exposito, regarding the necessity to obtain additional orders from the Court before LGT can legally produce the requested documents. Counsel acknowledged that an additional order is required but opposes the motion to the extent necessary to obtain that order.

/s/ *J. Heath Coffman*
J. Heath Coffman