IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 4:23-CR-00063-ALM-BD |
| | § | |
| MARK EXPOSITO (1) | § | |

## MEMORANDUM OPINION AND ORDER

Nonparty witness Lane Gorman Trubitt, LLC ("LGT"), moved to quash defendant Mark Exposito's subpoena requesting documents. Dkt. 71; *see* Dkts. 79 (government's response), 80 (Exposito's response), 60-1 (subpoena). The motion will be granted in part and denied in part; the court will order compliance with part of the subpoena.

## BACKGROUND

Exposito was indicted on one count of conspiracy to commit wire fraud under 18 U.S.C. § 1349 and 22 counts of wire fraud under 18 U.S.C. § 1343. Dkt. 1; *see* Dkt. 67 (first superseding indictment). The indictment identifies four victims of the alleged crimes: Bradley Fenton, Fenton Motor Group, Brad Fenton Motors of Ardmore, and Fenton Nissan of Tiffany Springs. Dkt. 1 at 1–2. It also states that unnamed "individual car dealerships" were additional victims. *Id.* at 2.

Exposito sought a subpoena under Federal Rule of Criminal Procedure 17(c) commanding the production of documents in the possession of LGT, an accounting firm that prepared tax returns for the alleged victims. Dkt. 60. The subpoena seeks documents "related to Bradley Fenton, Fenton Motor Group, and Fenton Motor Group subsidiary companies/entities" and specifies that the targeted subsidiaries include but are not limited to "Brad Fenton Motors of Ardmore and Fenton Nissan of Tiffany Springs." Dkts. 60-1 at 1, 60-2 at 1.

LGT moved to quash the subpoena, arguing that it cannot lawfully produce the requested documents without a court order. Dkt. 71. Exposito argues that LGT's need for a court order protecting it from criminal penalties for disclosing the documents is not a sufficient basis to quash

the subpoena, that the requested documents are necessary for his defense, and that service of the subpoena on Bradley Fenton is sufficient notice to the victims. Dkt. 80.

## DISCUSSION

### I. Notice to the Victims

Rule 17(c) governs the issuance of subpoenas for documents, sometimes called subpoenas duces tecum. Relevant here is the rule's requirement that "[b]efore entering the order [authorizing service of the subpoena on a third-party witness] and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object." Fed. R. Crim. P. 17(c)(3).

Exposito informed the court that he was unaware of any exceptional circumstances that would make that notice requirement inapplicable, Dkt. 62 at 6, so notice to the alleged victims was required. The court ordered Exposito to "serve all victims" with copies of the subpoena and relevant orders. Dkt. 73. Yet Exposito served only Fenton, Dkt. 80 at 4 n.3, who did not move to quash the subpoena or otherwise object. Exposito's response to LGT's motion also attached a list of possible victim entities and described many of them as "forfeited," "inactive," or "dissolved." Dkt. 80-1. It also included Texas public information reports about seven entities that list Fenton as "president," "member," or "registered agent." Dkt. 80-2.

The court ordered Exposito to notify it whether Fenton is authorized to receive service on behalf of any other alleged victim. Dkt. 88. In response, Exposito stated that Fenton told an FBI agent that "he is authorized to accept service on behalf of the entities whose records are sought" and that the "entities are no longer in existence." Dkt. 91. It also pointed the court to documents that the government apparently produced, but it did not attach those documents or identify where, if at all, they appear in the record.

The court will not authorize or require LGT to produce information about any victim that has not been notified as required by Rule 17(c)(3). Exposito's filings insufficiently demonstrate that Bradley Fenton is or was authorized to accept service on behalf of most of the businesses Exposito identified as possible victims. *See* Dkt. 80-1.

2

A Texas business must designate a registered agent "on whom may be served any process, notice, or demand required or permitted by law to be served on the entity." Tex. Bus. Orgs. Code § 5.201. Presidents of corporations, managers of manager-managed LLCs, and members of member-managed LLCs are agents of their respective entities. *Id.* § 5.255. If an entity fails to maintain a registered agent, if its agent "cannot with reasonable diligence be found at the registered office of the entity," or if "the entity's registration to do business . . . is revoked," service may be effectuated on the Secretary of State. *Id.* § 5.251. Other States have similar service requirements. *See, e.g.*, Okla. Stat. tit. 18 § 1022.

Exposito has shown that Fenton is the agent of, and therefore may receive notice on behalf of, First Cougar Management Company, Inc., Dkt. 80-2 at 2; Fenton Nissan of Rockwall, LLC, *id.* at 3; Fenton Motors of Pampa, Inc., *id.* at 4; Fenton Aviation, LLC, *id.* at 5; Fenton Motors of Amarillo, LLC, *id.* at 6; and Fenton Motors of Dallas, Inc., *id.* at 7. But none of those entities is named in the subpoena, Dkt. 60-1, and Exposito has not demonstrated that any of them is a subsidiary of Fenton Motor Group. Of the alleged victims named in the subpoena, Exposito has demonstrated that he provided notice only to Bradley Fenton.

## II. Court Authorization

LGT's motion seeks a court order that would shield it from penalties for disclosing a client's confidential information. *See* 26 U.S.C. §§ 6103, 6713, 7216; 26 C.F.R. § 301.7216-2; Tex. Occ. Code § 901.457; 22 Tex. Admin. Code 501.75. The court finds, consistent with 26 U.S.C. § 6103(i)(4), that the documents sought by the subpoena are probative of a matter in issue relevant in establishing the commission of a crime or the guilt or liability of a party. This order authorizes LGT to disclose information regarding Bradley Fenton, the only victim that Exposito has sufficiently notified in accordance with Rule 17(c)(3).

## CONCLUSION

It is **ORDERED** that:

1) the motion to quash the subpoena, Dkt. 71, is **GRANTED IN PART** and **DENIED IN PART**;

2) within 14 days, Lane Gorman Trubitt, LLC, produce to Exposito's counsel the materials specified in Attachment A to the subpoena, Dkt. 60-2, as they relate to Bradley Fenton, an individual;

3) LGT produce the materials by electronic means or, for any materials that cannot reasonably be produced electronically, for inspection at the courthouse;

4) consistent with the applicable protective order, Dkt. 87, only the following individuals may access and view the materials produced:

   a. defense counsel;

   b. Exposito, for the sole purpose of assisting in the preparation of his defense and only while he is in the presence of and operating under the direct supervision and control of his counsel;

   c. such members of defense counsel's staff as are necessary for the purpose of assisting in preparation and only while those staff members are in the offices of and operating under the direct supervision and control of defense counsel;

   d. expert witnesses assisting in the defense, provided that they treat the material as Protected Discovery Material as described in the protective order; and

   e. investigators hired to assist defense counsel for the purpose of investigating the pending charges against Exposito and only while those investigators are in the offices of and operating under the direct supervision and control of defense counsel; and

5) upon termination of this matter, defense counsel destroy the materials produced and any electronic or printed copies or duplicates.

So **ORDERED** and **SIGNED** this 22nd day of July, 2025.

_____

Bill Davis
United States Magistrate Judge