IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| V. | § § | Case No. 4:23-CR-63 |
| | § | Judge Mazzant |
| MARK EXPOSITO | § | |

## INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

### COUNT ONE

Violation: 18 U.S.C. § 371
(Conspiracy to commit offense or
to defraud United States)

1.      Beginning in or around April 2016, the exact date of which being unknown to the United States Attorney, and continuing thereafter up until in or around December of 2018, in the Eastern District of Texas and elsewhere, **MARK EXPOSITO,** defendant, did intentionally, knowingly, and willfully combine, conspire, and agree with other persons known and unknown to the United States Attorney (hereinafter "co-conspirators") to commit the crime of wire fraud in violation of 18 U.S.C. § 1343, as charged in the Information, and **EXPOSITO** knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and at least one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the

1

Information, in order to accomplish some object or purpose of the conspiracy, in violation of 18 U.S.C. § 371.

**B.    Purpose of the Conspiracy**

2.    It was the general purpose of the conspiracy for the defendant and his co-conspirators to defraud their employer Fenton Motor Group ("FMG") and to obtain money from FMG and related business entities by means of false and fraudulent pretenses, representations, and promises. FMG was a corporation headquartered in Frisco, Texas, functioning as a management company that oversaw the operation of car dealerships in multiple states.

**C.    Manner and Means of the Conspiracy**

3.    The manner and means by which the defendant and his co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

4.    **EXPOSITO** and one or more other co-conspirators, using a variety of means, and employing false and misleading promises, statements, and representations, obtained money and property from accounts belonging to FMG and related entities without their consent, and moved that money to bank accounts held and controlled by **EXPOSITO** and others. As detailed below, **EXPOSITO,** along with others known and unknown to the United States Attorney, endeavored to conceal the nature and source of these funds, but in the end, **EXPOSITO** and others enriched themselves with money and property obtained from FMG and related entities during the course

2

of the scheme to defraud, which they used to unlawfully pay off personal credit card purchases and purchase real estate, vehicles, jewelry, designer clothing, all for personal purposes, and to pay for travel.

**D.     Acts in Furtherance of the Conspiracy:**

5.     In furtherance of the conspiracy and to achieve its object and purpose, the following acts, among others, were committed in the Eastern District of Texas and elsewhere:

6.     One or more co-conspirators used ACH money transfers from FMG and related entities' bank accounts, having created a multifactor authentication account by deceptive means, and by using this system created the illusion that ACH transfers had been vetted and approved by another FMG employee.

7.     One or more co-conspirators transferred money from FMG's and relate entities' financial accounts without consent or knowledge of FMG or the other entities, to bank accounts controlled by **EXPOSITO** and a co-conspirator.

8.     **EXPOSITO** opened American Express ("AMEX") business credit cards using the names of his employer and Circle E Ranch (the "Circle E AMEX"), which were then used by **EXPOSITO** and others with his knowledge and consent to pay personal and business expenses. Circle E Ranch was a business entity created and controlled by **EXPOSITO**. **EXPOSITO** caused AMEX credit card bills to be sent to his personal residence, thereby concealing the existence and use of these accounts.

9.     **EXPOSITO** and others known and unknown to the United States Attorney

3

would fraudulently transfer FMG's and related entities' funds to **EXPOSITO's** personal Wells Fargo bank account via interstate ACH wire transfers. **EXPOSITO** would then use that money to pay the AMEX bills, including amounts that **EXPOSITO** and others incurred as personal expenses. The personal AMEX charges were spent on jewelry, designer clothing, high-end goods and services, personal driving services, first class international airline tickets, and miscellaneous personal expenses. **EXPOSITO** also used the AMEX account for expenses benefitting a business that he controlled (Circle E), which **EXPOSITO** then paid off using fraudulently obtained funds.

10. Certain members of the conspiracy used their trusted position within the organization of FMG and related entities to disguise and conceal the true nature of the transactions within the books and records of the FMG and its related entites, by recording false descriptions of the transactions in the employer's business records.

11. In order to further conceal their fraudulent activities, **EXPOSITO** and others acting in combination and conspiracy with him made false representations and statements to further their scheme and to avoid detection of their fraud, including assertions that **EXPOSITO** wanted to and would purchase the car dealerships, instructing others to bypass the company owner with concerns, and concealing the nature of their

actions from the owner of FMG.

In violation of 18 U.S.C. § 371.

|  |  |
|---|---|
| 8-4-25 | JAY R. COMBS<br>ACTING UNITED STATES ATTORNEY<br><br>MATTHEW T. JOHNSON<br>Assistant United States Attorney |
| Date |  |

5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § <br> § |
| V. | §   Case No. 4:23-CR-63 <br> §   Judge Mazzant |
| MARK EXPOSITO | § |

## NOTICE OF PENALTY

### COUNT ONE

| | |
|---|---|
| Violation: | 18 U.S.C. § 371 (Conspiracy to commit offense or to defraud United States) |
| Penalty: | Imprisonment for a term not more than five years, a fine not to exceed $250,000.00, or both. A term of supervised release of not more than three years in addition to such term of imprisonment. |
| Special Assessment: | $100.00 |